IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JIAN YU and SHU LI,<br><br>　　　　　　Plaintiff,<br>v.<br><br>WENYUAN ZHANG, HIGHLAND NOODLES, INC. and JUXIANG LI,<br><br>　　　　　　Defendants. | Civ. Case No:<br><br>4:24-cv-00706-ALM |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEFING IN SUPPORT**

WENYUAN ZHANG ("Zhang"), HIGHLAND NOODLES, INC. (the "Corporation"), and JUXIANG LI ("Li"), Defendants in the above styled and numbered cause (together "Defendants" and "Movants"), by and through undersigned counsel, file this DERENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEFING IN SUPPORT, and would show this Court the following:

**TABLE OF CONTENTS**

**SYNOPSIS & ISSUES RAISED BY THIS MOTION**……………………………………………4

**LEGAL STANDARDS**……………………………………………………………………………..5

**MOTION TO DISMISS**……………………………………………………………………………5

    A. **Plaintiffs Allege Conclusory Allegations as to Defendant Li and Zhang's Culpability**………………………………………………6

        1. FLSA Based Claims………………………6

        2. Claim pursuant to 26 U.S.C. § 7434………8

    B. **Plaintiff Yu Fails to Properly Plead an Overtime Claim**…….8

        1. Plaintiff Yu fails to Plead His Regular Rate of Pay; thus, His, As Plead, Facts do Not Support an Overtime Claim on their Face………………………………8

        2. Plaintiff Yu Fails to Plead a Definite Amount of Compensation Due; Thus, His, As Plead, Facts do Not Support an Overtime Claim on their Face…10

    C. **Plaintiff Li Inadequately Pleads Retention of Tips Without Required Specificity**…………………………………………….10

    D. **Plaintiffs Fail to Plead Facts Sufficient to Support Bad Faith or Willfulness**……………………………………………………11

    E. **Plaintiffs Fails to Plead a Class Action Claim With Sufficient Plausibility**…………………………………………………13

**PRAYER**……………………………………………………………………………...13

**INDEX OF AUTHORITIES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)………………………………………………………………5

*Blakely v. Golabs, Inc.*, No. 3:21-cv-2422-L,
    2023 U.S. Dist. LEXIS 144996 (N.D. Tex. 2023)……………………………………..8

*Elec. Merch. Sys., LLC v. Gaal*, 58 F.4th 877 (6th Cir. 2023)……………………………………5

*Gines v. D.R. Horton, Inc.*, 699 F.3d 812 (5th Cir. 2012)…………………………………...5

*Gray v. Powers,* 673 F.3d 352 (5th Cir. 2012)……………………………………………6, 7

*Ironshore Europe DAC v. Hardin*, 912 F.3d 759 (5th Cir. 2019)…………………………….5

*Kennedy v. Turbo Drill Indus.,* No. MO:20-CV-00251-DC-RCG,
    2021 U.S. Dist. LEXIS 218655 (W.D. Tex. 2021)……………………………………..7, 8

*King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015)…………………………..5

*Lee v. City of Shreveport,* No. 23-604, 2024 U.S. Dist. LEXIS 114817 (W.D. La. 2024)………12

*Marcure v. Lynn*, 992 F.3d 625 (7th Cir. 2021)…………………………………………...5

*Michel v. Workrise Techs. Inc.*, No. 1:21-CV-00681-LY,
    2023 U.S. Dist. LEXIS 62163 (W.D. Tex. 2023)……………………………………..13

*Miller v. BAC Home Loans Servicing, LP*, 726 F.3d 717(5th Cir. 2013)…………………………5

*Montano v. Montrose Rest. Assocs.*, 800 F.3d 186 (5th Cir. 2015)……………………………...11

*Murphy v. Sofamor Danek Group*, 123 F.3d 394(6th Cir. 1997)…………………………………5

*Newman v. Lehman Bros. Holdings*, 901 F.3d 19 (1st Cir. 2018)………………………………...4

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2nd Cir. 2016)…………………………………...5

*Nuñez-Renck v. IBM*, Civil Action No. 3:23-CV-1308-D,
    2024 U.S. Dist. LEXIS 62842 (N.D. Tex. 2024)………………………………………….7

*New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196 (5th Cir. 2016)…………………………5

*Pruneda v. Bexar Cty.,* No. SA-22-CV-104-JKP (HJB),
    2024 U.S. Dist. LEXIS 133355 (W.D. Tex. 2024)………………………………………12

*Stevents v. St. Tammany Par. Gov't.*, 17 F.4th 563 (5th Cir. 2021)……………………….5

*Wilson v. K & K Best Care Ambulance Servs.*, No. 4:13-CV-2509,
    2014 U.S. Dist. LEXIS 60086 (S.D. Tex. 2014)………………………………………...10

*Vargas v. Salazar*, No. 4:23-CV-04267,
    2024 U.S. Dist. LEXIS 147317 (S.D. Tex. 2024)………………………………………11

*Zimmer v. Valic,* No. H-06-2475, 2006 U.S. Dist. LEXIS 98577 (S.D. Tex. 2006)……………...8

# I.
# SYNOPSIS & ISSUES RAISED BY THIS MOTION

Plaintiffs assert conclusory allegations—not statements of fact—that are a mere artful re-pleading of the legal standard itself when attempting to assert personal liability as to Defendants Li and Zhang across counts I, III, and IV and seemingly no facts as to Count II.

Plaintiff Yu fails to plead facts sufficient to state a claim for which relief can be granted as to his overtime claim (Count I). Specifically, Yu fails to identify what he contends was his regular rate of pay as well as the amount of monies he contends he is owed, thus—upon the face of the Complaint—Yu is not entitled to an overtime claim under the facts alleged with a regular rate of pay at or below $20.56 per hour (discussed further below).

Plaintiff Li fails to plead key facts to establish a claim for unlawfully retained tips as her pleading fails to demonstrate that tips were paid to persons not entitled to said tips (Count III).

Plaintiffs fail to plead facts sufficient to support a "bad faith" (three year) limitations period under the Fair Labor Standards Act ("FLSA") and a willful violation of the FLSA so as to preclude a good faith defense to liquidated damages.

Plaintiff Yu fails to plead facts sufficient to facially support a class action.

# II.
# LEGAL STANDARDS

Federal Rule of Civil Procedure ("FRCP") 12(b) permits defendants to file, in response to the complaint, several different motions that would *inter alia* dismiss the lawsuit.

Pursuant to FRCP 12(b)(6), a defendant may move to dismiss for failure to state a claim for which relief can be granted, which includes several recognized bases: (i) failure to exhaust a required administrative remedy first,[1] (ii) failure to plead to the *Twombly* and *Iqbal* levels each

---

[1] *Newman v. Lehman Bros. Holdings*, 901 F.3d 19, 25-27 (1st Cir. 2018).

element of each claim/cause of action,[2] (iii) the existence of an immunity, statute of limitations, statute of frauds, claim preclusion, issue preclusion or other applicable affirmative defense on the face of the pleadings,[3] and (iv) enforcement of an arbitration clause.[4]

Movant bears the burden to prove that plaintiff failed to state a claim.[5] But a respondent to a 12(b)(6) motion to dismiss is held to the plausibility standard set out in *Twombly*.[6] This means that only *well plead* allegations are accepted, whereas those that are: (i) conclusory statements of fact, (ii) a regurgitation of the elements of a cause of action, (iii) bald assertions, (iv) subjective characterizations, (v) baseless factual inferences, and (vi) legal conclusions do not have to be accepted as true by the trial court.[7] But only those facts and documents in live pleadings and those subject to judicial notice—but not facts in a response to a motion to dismiss—are considered.[8]

---

[2] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[3] *See Ironshore Europe DAC v. Hardin*, 912 F.3d 759, 763-67 (5th Cir. 2019); *Stevents v. St. Tammany Par. Gov't.*, 17 F.4th 563, 570-72 (5th Cir. 2021); *Miller v. BAC Home Loans Servicing, LP*, 726 F.3d 717, 726 (5th Cir. 2013); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015).

[4] *But see Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 235-38 (2nd Cir. 2016).

[5] *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) ("While the text does not discuss the burden of proof, every circuit court to address this issue … has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal.").

[6] *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

[7] *Id.*; *Murphy v. Sofamor Danek Group (In Re Sofamor Danek Group)*, 123 F.3d 394, 400 (6th Cir. 1997).

[8] *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012); *Elec. Merch. Sys., LLC v. Gaal*, 58 F.4th 877, 882-84 (6th Cir. 2023); *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 200 (5th Cir. 2016).

## III.
## MOTION TO DISMISS

This Court should dismiss Counts I and IV entirely and Counts I through IV as applied to Defendants Li and Zhang for failure to state claims upon which relief can be granted, as well as a dismissal of Yu's class action, and Plaintiffs' bad faith and willful violation assertions.

### A.   Plaintiffs Allege Conclusory Allegations as to Defendant Li and Zhang's Culpability

Under Federal pleading standards, FRCP 8(a) requires that a plaintiff plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

#### 1.   FLSA Based Claims

When alleging facts regarding Defendant Li and Zhang's personal culpability under the FLSA, Plaintiffs merely regurgitate the legal standard itself without specifying actual facts; therefore, Plaintiffs fail to state a claim upon which relief may be granted.[9]

In this instance, Plaintiffs broadly plead "Defendants" or the "Individual Defendants," acted improperly or failed to act properly without distinguishing conduct between them.[10]

Moreover, the formulaic nature of Plaintiffs' Complaint is painfully noticeable as it is a mere regurgitation of the legal standard.[11] Specifically, Paragraphs 14 and 19—which contain the

---

[9] *Compare Gray v. Powers,* 673 F.3d 352, 355 (5th Cir. 2012) ("To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'") *with* Pls.' Orig. Compl., ("Compl.") ¶¶ 14, 19 (ECF No. 1).

[10] Compl., ¶¶ 23-58 (ECF No. 1).

[11] Importantly, a LEXIS Court Link search appears to yield information that the Troy Law firm has or may have experience in litigating hundreds of plaintiff-side FLSA cases in New York State.

only meaningful basis in Plaintiffs' entire complaint to establish any liability against Defendants Li and Zhang—are verbatim with one another and aver that: Li and Zhang were

> day-to-day, on-site, hands-on manager[s] of Highland Noodles, who had the power to hire and fire employees, supervised Plaintiffs and the other employees, gave Plaintiffs and other employees their assignments, determined Plaintiffs' and other employees' schedules, determined Plaintiffs' and other employees' salaries, and was responsible for preparing and keeping records of the employee payroll.[12]

Importantly, the "economic reality test" itself, as routinely stated by Courts within this Circuit, is literally: "(1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[13]

Thus, Plaintiffs' complaint is a "threadbare recital of the legal standard," which amounts to nothing more than "a formulaic recitation of the elements of the [legal standard]" which "will not do" under the *Iqbal* and *Twombly* standards.[14]

Therefore, after a meaningful review of paragraphs 14 and 19 in conjunction with Plaintiffs' artful use of passive voice and their failure to specify the actions taken by Li or Zhang individually, Plaintiffs' mere averment that Defendants Li and Zhang "had the power," amounts to nothing more than "conclusory allegations that merely recite the elements of the *prima facie* [legal standard] and provide no facts specific" as to either Defendant Li or Defendant Zhang.[15]

---

[12] Compl., ¶¶ 14, 19 (ECF No. 1).

[13] *Gray v. Powers,* 673 F.3d at 355.

[14] *See Nuñez-Renck v. IBM*, Civil Action No. 3:23-CV-1308-D, 2024 U.S. Dist. LEXIS 62842, at *16, 21 (N.D. Tex. 2024).

[15] *Id*. at *16; *but see Kennedy v. Turbo Drill Indus.,* No. MO:20-CV-00251-DC-RCG, 2021 U.S. Dist. LEXIS 218655, at *9 (W.D. Tex. 2021) (Like in *Turbo Drill* the business entity is a

    2.    Claim pursuant to 26 U.S.C. § 7434

Moreover, Plaintiffs broadly aver that "Defendants willfully underreported Yu's Salary …" without any specificity as to what either Li or Zhang allegedly did, which appears improper on its face because—as Plaintiffs allege—the liability under 28 U.S.C. § 7434 is to the "person [that] willfully files a fraudulent return."[16]

Ultimately, for these reasons this Court should GRANT this Motion and dismiss Plaintiffs' Claims as to Defendants Zhang and Li.

**B.**     **Plaintiff Yu Fails to Properly Plead an Overtime Claim**

    1.    Plaintiff Yu fails to Plead His Regular Rate of Pay; thus, His, As Plead, Facts do Not Support an Overtime Claim on their Face.

Plaintiff Yu's overtime claim should be dismissed because he does not assert sufficient facts to demonstrate that he was deprived of overtime pay. And failure to assert a regular rate of pay—leaving only to supposition as to what that rate is—is a fatal defect in pleadings.[17]

---

Corporation, but unlike in *Turbo Drill*, Plaintiffs do not allege that either Plaintiff is an Officer, President, or CEO of the Corporation nor do they allege that directly because of that position they have operational control over certain aspects of Highland Noodles, Inc. Moreover, in *Turbo Drill*, those Plaintiffs specifically alleged that the natural person defendants "implemented [Turbo Drilling's] pay practices" and continued control over them.).

[16] Compl., ¶ 76 (ECF No. 1); *see also Zimmer v. Valic*, No. H-06-2475, 2006 U.S. Dist. LEXIS 98577, at *4 (S.D. Tex. 2006) ("Under the plain language of the statute, a cause of action is triggered by the actual *filing* of a fraudulent information return.") (emphasis in original).

[17] *See Kennedy*, 2021 U.S. Dist. LEXIS 218655, at *5 ("[T]o pass Rule 12(b)(6) muster Plaintiff 'must plead specific facts including 'dates they claim they were not properly paid, **their pay rates**, and the approximate amounts owed.'") (emphasis added); *Blakely v. Golabs, Inc.*, No. 3:21-cv-2422-L, 2023 U.S. Dist. LEXIS 144996, at *19 (N.D. Tex. 2023) ("Thus, '[t]o state a claim for overtime, plaintiffs are required "to provide some factual context that will nudge their claim from conceivable to plausible. This can be done by estimating the length of an average workweek during the applicable period **and the average rate at which plaintiff was paid**, the amount of overtime wages allegedly owed, or any facts that will permit the court to find plausibility."'") (emphasis added).

In this instance, Yu (1) fails to aver his regular rate of pay—which is key because overtime calculations are affixed to that rate—and (2) Yu asserts a series of facts that demonstrate (on their face) that a person receiving a regular rate of pay of less than or equal to $20.56 per hour, would not deprive that person of any overtime.

More specifically, Plaintiff Yu has plead that during his period of employment—at its maximum—his most amount of hours worked was 66 hours and that over a month he is paid $6,500.00.[18] However, overtime is calculated based on the regular rate of pay. Yu fails to assert his regular rate of pay.[19]

Thus, taking Plaintiff Yu's allegations on their face: 66 hours per week, at four weeks per month, at $6,500.00 pay over the course of that month, means that Plaintiff is not entitled to any overtime pay with a regular rate of pay at or less than $20.56 per hour.[20]

Therefore, on the face of Plaintiff Yu's pleadings, Plaintiff Yu has not plead a claim upon which he can show he is necessarily entitled to any unpaid overtime compensation.

Moreover, Yu's failure to plead the amount of compensation that he is claiming due—which is required—prevents Defendants and this Court from extrapolating the regular rate.

---

[18] Compl., ¶¶ 29-31 (ECF No. 1).

[19] *See* Compl. (ECF No. 1).

[20] Defendants would essentially use the formula: $4 \cdot (40x + (1.5x \cdot 26)) = \$6,500.00$ where X is the regular rate of pay. Or stated otherwise, $20.56 x 40 hours ($822.40) plus $30.84 x 26 Hours (66 hours – 40 hours) (calculating to be ($801.84) for a total of $1,624.24 times four weeks equals: $6,496.96.

Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)
Page **9** of **14**

    2.    <u>Plaintiff Yu Fails to Plead a Definite Amount of Compensation Due; Thus, His, As Plead, Facts do Not Support an Overtime Claim on their Face.</u>

In this Circuit, a FLSA overtime plaintiff must plead "a definite amount of compensation [] due"[21] in order to properly state a claim.

Plaintiff Yu fails to do so.[22]

Therefore, for this reason this Court should GRANT this Motion and dismiss Plaintiff Yu's overtime claim.

**C.**    <u>**Plaintiff Li Inadequately Pleads Retention of Tips Without Required Specificity**</u>

In Plaintiffs' Complaint, Plaintiff Li's factual allegations regarding the alleged retention of tips is woefully sparse. Her factual allegations include one allegation, which is seemingly throw-away statement: "also because Individual Defendants retained a portion of S. Li's tips for their own use, Defendants were not entitled to claim a tip credit."[23]

Moreover, there are no factual allegations included when Plaintiff Li pleads this claim as Count IV, leaving only conclusory statements, i.e., "Individual Defendants retained fifteen percent (15%) of S. Li's tips for their own use."[24]

---

[21] *Wilson v. K & K Best Care Ambulance Servs.*, No. 4:13-CV-2509, 2014 U.S. Dist. LEXIS 60086, at *3 (S.D. Tex. 2014) ("In order to plead an FLSA claim for unpaid overtime or minimum wages, a plaintiff must indicate sufficient facts to support (1) that there was engagement in activities within the coverage of the FLSA; (2) that there exists an employer-employee relationship; (3) that the employee worked over forty hours within a workweek without overtime compensation; and (4) **<u>a definite amount of compensation is due</u>**.") (Emphasis added).

[22] Compl. (ECF No. 1).

[23] *See* Compl., ¶ 55 (ECF No. 1).

[24] *Id*. at ¶ 88.

Under the FLSA, an employer is permitted to retain tips for a tip pool to be given to regularly tipped persons.[25] And unlike the *pro se* litigant in *Vargas v. Salazar*, Plaintiff Li, here, despite being represented by counsel, fails to allege that her tips were shared with persons that are not permitted to be included in any sort of lawful tip pool.[26]

In this instance, Plaintiff Li's pleading is highly inadequate because it (1) nakedly pleads Defendants together without distinction between them, (2) does not clearly plead that they were kept personally by anyone or if they were retained for a tip pool, and (3) the claim fails to even allege that Defendants were persons that were not entitled to be a part of the class of persons that might otherwise retain or share in those tips.[27]

Therefore, for these reasons this Court should GRANT this Motion and dismiss Plaintiff Li's tip retention claim.

### D.   Plaintiffs Fail to Plead Facts Sufficient to Support Bad Faith or Wilfullness

To extend the statute of limitations from two to three years under the FLSA requires plaintiffs to plead and prove bad faith, which is subject to a challenge under Rule 12(b)(6) when

---

[25] *Montano v. Montrose Rest. Assocs.*, 800 F.3d 186, 188-89 (5th Cir. 2015) ("The statute provides a limited exception to this rule by permitting "the pooling of tips among employees who customarily and regularly receive tips.").

[26] *Vargas v. Salazar*, No. 4:23-CV-04267, 2024 U.S. Dist. LEXIS 147317, at *14-15 (S.D. Tex. 2024) ("Plaintiff also alleges that Defendant violated the FLSA by forcing her to: share tips with a "busser" in the amount of 2% of her customer sales" … "The Original Petition can fairly be read to allege that the busser is a cleaning position, and she alleges that a runner is 'in charge of carrying food during peak hours from the food outlet in the kitchen to the customers' table.' *Id.* at 8. The Original Petition also alleges that the bartender 'does not have any performance or contact with the diners' tables, but only remains at his work station.'").

[27] Compl., at ¶¶ 86-90.

the facts allege lack the necessary plausibility to extend the statute of limitations.[28] Moreover, a willful violation or a finding of a willful violation of the FLSA may act as a barrier or preclusion to any good faith defense to liquidated damages under the statute.[29]

In this instance, Plaintiffs make the naked allegation that "Defendants [without specifying which] committed the following acts knowingly, willfully, maliciously, and in bad faith against Yu [and "S. Li."] and other employees similarly situated" without specifying or articulating how or why any of the alleged acts were performed in bad faith or with willful violation of the FLSA.[30] Plaintiffs are also clearly seeking liquidated damages.[31]

Thus, to the extent that Plaintiffs are contending that one or all of the Defendants engaged in any individual acts that would evidence an action that was in bad faith and/or a willful violation of the FLSA, then Plaintiffs do not appear to plead with the specificity necessary to plausibly show bad faith and willful violations by the "Defendants." This includes because of the lack of specificity in its entirety and the failure properly individualize the conduct of each Defendant.

---

[28] *See Lee v. City of Shreveport,* No. 23-604, 2024 U.S. Dist. LEXIS 114817, at *6 (W.D. La. 2024)

[29] *See Pruneda v. Bexar Cty.,* No. SA-22-CV-104-JKP (HJB), 2024 U.S. Dist. LEXIS 133355, at *8 (W.D. Tex. 2024).

[30] Compl., ¶¶ 49, 58 (ECF No. 1); *see* Compl. at all.

[31] Compl., at 18-19, ¶¶ D, F, G (ECF No. 1).

E. **Plaintiffs Fails to Plead a Class Action Claim With Sufficient Plausibility**

Class Action assertions are subject to the same *Iqbal* and *Twombly* requirements when pleading facts sufficient to meet the minimum requirements of FRCP 23, and the failure to do so makes the issue ripe for a motion to dismiss pursuant to FRCP 12(b)(6).[32]

FRCP 23 outlines that "only if (1) the class is so numerous that joinder of all members is impracticable … and (4) the representative parties will fairly and adequately protect the interests of the class."[33]

In this instance, Plaintiffs aver no facts regarding the number of purported workers that they would have or had witnessed at the Corporation's (Highland Noodles) place of operations that would underpin—and otherwise provide factual support—such an assertion. Yu merely avers that based "upon information and belief, there are more than forty (40) members of the class"[34] and that "Yu is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class,"[35] which is simply another *threadbare recital of the legal standard.*

Therefore, Yu's class action claim should be dismissed.

## PRAYER

WHEREFORE, Premises Considered, Defendants pray that this Court GRANTS this Motion and Dismisses Defendants Li and Zhang from this Action entirely, dismissing Counts I and IV entirely, dismissing Plaintiffs' bad faith and willful violation assertions, and Yu's Class Action claim.

---

[32] *Michel v. Workrise Techs. Inc.*, No. 1:21-CV-00681-LY, 2023 U.S. Dist. LEXIS 62163, at *10 (W.D. Tex. 2023).

[33] FED. R. CIV. P. 23(a).

[34] Compl., ¶ 62.

[35] *Id.*, ¶ 65.

RESPECTFULLY SUBMITTED,

*/s/ William Knisley*
William Chu
SBOT: 04241000
wmchulaw@gmail.com
William Knisley
SBOT: 24095728
WilliamKnisley@outlook.com

**LAW OFFICES OF WILLIAM CHU**
4455 LBJ Freeway, Suite. 1008
Dallas Texas, 75244
(Tel) 972-392-9888
(Fax) 972-392-9889
**ATTORNEYS FOR DEFENDANTS**
*William Chu to be admitted pro hac vice.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was electronically served via the ECF system to the emails on file for each party and/or their Counsel on 9/5/2024.

*/s/ William Knisley*