# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JIANMING YU, ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Civil Action No. 4:24-cv-706 |
| v. | § | Judge Mazzant |
| | § | |
| HIGHLAND NOODLES, INC. d/b/a | § | |
| Highland Noodles, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #12). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED.**

## BACKGROUND

On August 7, 2024, Plaintiffs Jianming Yu and Shujun Li (collectively, "Plaintiffs") filed a Complaint with the Court against Defendants Highland Noodles, Inc., Juxiang Li, and Wenyuan Zhang (collectively, "Defendants") (Dkt. #1). In their Complaint, Plaintiffs contend that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Internal Revenue Code ("IRC"), 16 U.S.C. § 7434, arising from Defendants' alleged willful, malicious, and unlawful employment policies, patterns, and/or practices (Dkt. #1). Plaintiffs raise four causes of action in their Complaint. In the first cause of action, Plaintiffs assert that "Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Yu overtime" for the hours that he worked in excess of forty hours per week (Dkt. #1 at ¶¶ 68–73). In the second cause of action, Plaintiffs contend that Defendants violated 26 U.S.C.

§ 7434 by willfully underreporting Yu's salary income to the IRS on his 2023 Form W-2 (Dkt. #1 at ¶¶ 74–77). In the third cause of action, Plaintiffs submit that Defendants "knowingly, willfully, and maliciously" violated the FLSA by failing to pay Li minimum wage and for taking a tip credit without informing Li (Dkt. #1 at ¶¶ 78–85). Finally, in the fourth cause of action, Plaintiffs allege that Defendants "knowingly, willfully, and maliciously" violated the FLSA by retaining a portion of Li's tips (Dkt. #1 at ¶¶ 86–90).

On September 5, 2024, Defendants filed their Motion to Dismiss (Dkt. #12). Defendants maintain that dismissal is proper under Rule 12(b)(6) because Plaintiffs "assert conclusory allegations . . . that are a mere artful repleading of the legal standard itself" (Dkt. #12 at p. 4). On September 19, 2024, Plaintiffs filed their Response (Dkt. #13). On September 26, 2024, Defendants filed their Reply (Dkt. #14).

## LEGAL STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the

plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Plaintiffs have stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #12) is hereby **DENIED.**

    **IT IS SO ORDERED.**

    **SIGNED this 19th day of November, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE