# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JIANMING YU and SHUJUN LI, § *on behalf of themselves and others* § *similarly situated,* § § *Plaintiffs,* § v. § § HIGHLAND NODDLES, INC. d/b/a § Highland Noodles, JUXIANG LI, and § WENYUAN ZHANG a/k/a CHELSEA § ZHANG, § *Defendants.* § | Civil Action No. 4:24-cv-706 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the parties' responses to the Court's September 15, 2025 Show Cause Order (Dkt. #37). Having considered the arguments, the Court **ORDERS** that jury costs for the September 15, 2025 voir dire proceedings are assessed against Plaintiffs' counsel.

### BACKGROUND

On Friday, September 12, 2025, counsel for both parties appeared before the Court for the Final Pretrial Conference (the "Conference"). After inquiring about the possibility of settlement, the Court reminded counsel of Local Rule 38(b), which addresses the taxation of jury costs for late settlements, and indicated that if the parties settled after the jury arrived on September 15, the Court would impose the cost on the parties (Dkt. #34) (September 12, 2025 Minute Entry).

Near the end of the Conference, Defendants' counsel asked if a Magistrate Judge was available to help mediate the case (Dkt. #34) (September 12, 2025 Minute Entry). With trial starting Monday, September 15, the Court declined that request but did ask the parties whether the case could settle. Defendants' counsel relayed his difficulty visiting with Plaintiffs' counsel. The

Court advised counsel that they could meet and confer at the courthouse after the Conference. Defendants' counsel expressed interest in settling the case. Before ending the Conference, the Court advised the parties that if they settled over the weekend, they should notify the Court's staff.

On September 15, 2025, the parties appeared and conducted voir dire (Dkt. #36) (September 15, 2025 Minute Entry). The jury was seated and sworn in and the Court read the preliminary instructions. The Court then took a lunch break. After returning from lunch, the parties announced that they reached a settlement. The Court then raised Local Rule 38(b) with the parties. After hearing from both sides on the issue of assessing jury costs, the Court took the matter under advisement. On September 15, 2025, the Court then issued a Show Cause Order asking the parties to explain why the Court should not assess juror costs to one side or both sides (Dkt. #37).

## LEGAL STANDARD

Local Rule 38(b), titled Taxation of Jury Costs for Late Settlement, provides as follows:

> Except for good cause shown, whenever the settlement of an action tried by a jury causes a trial to be postponed, canceled, or terminated before a verdict, all juror costs, including attendance fees, mileage, and subsistence, may be imposed upon the parties unless counsel has notified the court and the clerk's office of the settlement at least one day prior to the day on which the trial is scheduled to begin. The costs shall be assessed equally against the parties and their counsel unless otherwise ordered by the court.

E.D. TEX. CIV. R. 38(b).

"Courts have broad discretion in interpreting and applying their own local rules," *Matter of Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984), and a party that "fails to comply with the Local Rules does so at his own peril." *Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 537 (E.D. Tex. 2000).

To determine whether good cause exists to avoid the assessment of costs, the Court considers whether the parties made a "showing of good faith and a reasonable basis" for the late settlement. *See Alaniz v. Target Corp.*, No. 3:17-CV-00260-N, 2018 WL 1536637, at *1 (N.D. Tex.

Jan. 25, 2018) (citation modified) (considering if a party had good cause to file an untimely response under the court's local rules).

## ANALYSIS

The parties do not dispute that a late settlement occurred and argue only about who should bear the cost: both of them, one of them, or the public. The Court assumes that counsel for both sides acted in good faith, but finds that Plaintiffs' counsel presented no reasonable basis for the late settlement and assesses jury costs accordingly.

## I.     Plaintiffs' Counsel Fails to Provide a Reasonable Basis for the Late Settlement

Plaintiffs' counsel makes three primary arguments: (1) that the Court's trial schedule is to blame for the late settlement; (2) that Defendants' counsel is primarily to blame for the late settlement; and (3) that imposing jury costs on Plaintiffs and their counsel would be unjust. The Court addresses each argument in turn.

### A.     The Court's trial schedule is not a reasonable basis for the late settlement.

Plaintiffs' counsel argues that the Court's trial schedule caused "the parties [to be] left with much less time to attempt to settle before trial than they had anticipated" (Dkt. #38 at p. 2). The argument is based on the Court resetting the Conference from September 30, 2025, to September 12, 2025, and the trial setting from October 6, 2025, to September 15, 2025 (Dkt. #29). According to Plaintiffs, the schedule left the parties "less time for discussion," and caused them to "scramble (in the face of other pending deadlines and health difficulties, *see* Dkt. No. 28) to prepare materials for trial" (Dkt. #38 at p. 2).[1]

---

[1] While Plaintiffs' arguments refer to the "parties," Defendants do not express facing similar issues because of the Court's trial schedule (*See* Dkt. #39).

However, the Court's December 3, 2024 Scheduling Order (Dkt. #18) initially set the Conference for September 4, 2025. The Court moved the Conference from September 4 to September 30 based on the Plaintiff's request for a continuance (Dkt. #28; Dkt. #29). In that request, Plaintiffs' counsel stated that they missed two August deadlines because "Plaintiff's counsel's family member's medical emergency necessitat[ed] two rounds of hospital surgeries between July 8, 2025 and July 11, 2025, and again on August 12, 2025" (Dkt. #28 at pp. 1–2). While the Court considered these health difficulties when deciding to grant a continuance, it is unpersuaded that they reasonably explain the conduct of Plaintiffs' counsel all the way to the morning of trial. Nor is the Court persuaded that its schedule explains Plaintiffs' counsel's conduct, which the Court discusses more in depth below.

**B.     Defendants' counsel's conduct is not a reasonable basis for the late settlement.**

Plaintiffs provide the Court one paragraph explaining why "Plaintiffs Were Not Primarily at Fault for the Late Settlement" (Dkt. #38 at p. 2). But, length aside, the paragraph falls short of providing a reasonable basis for the late settlement. In full, Plaintiffs state that:

> Despite Plaintiff furnishing Defendants a revised computation of damages following the pretrial conference on September 12, 2025, and despite Your Honor's urging to conduct settlement discussions over the weekend, Defendants did not make any offers. Plaintiff's counsel only received authority to make a demand lower than the damage computation the evening of September 14, 2025, during trial preparation with Plaintiffs, and Plaintiffs made the first demand in the exchange demands and offers, on September 15, 2025. It was Defendants' recalcitrance to make any offers that was the major contributor to the delay.

(Dkt. #38 at pp. 2–3) (citation omitted).

Plaintiffs do not articulate how the transmission of a damages calculation—already mandated by the Federal Rules of Civil Procedure—somehow imposed an obligation upon Defendants to initiate a settlement offer. Since it was Plaintiffs' counsel who initially raised

4

concerns regarding the existence of settlement authority, and Defendants' counsel who subsequently expressed a willingness to engage in post-conference negotiations (to no avail), the responsibility to advance those discussions rested with Plaintiffs' counsel. Under these circumstances, it would have been neither appropriate nor productive for Defendants' counsel to pursue further negotiations absent a response from Plaintiffs addressing settlement authority.

Moreover, Plaintiffs' counsel does not state any attempts made to contact Defendants' counsel on September 14 after receiving authority to settle. Nor any steps to contact their clients to receive that authority any time before "trial preparation" on September 14. The Court sees no evidence that any "recalcitrance" to settle came from the defense side. The Court is therefore unpersuaded that Defendants' counsel's conduct was a reasonable basis for the late settlement.

### C. Assessing costs against Plaintiffs' counsel would not be unjust.

Plaintiffs' counsel argues that costs should not be assessed against counsel or their clients because they have already incurred substantial costs in connection with preparing for and attending trial, making assessment of costs substantially unjust (Dkt. #38 at p. 3). But, that is exactly what the Court was trying to avoid by encouraging the parties to meet and confer after the Conference.

Not only that, but because "[t]he public should not have to bear the burden of late settlement activities," the Court sought to avoid more than just unnecessary costs by Plaintiffs and their counsel. *Howard v. Allstate Indem. Co.*, 176 F.R.D. 265, 269 (E.D. Tenn. 1997). On September 15, 2025, 37 jurors participated in voir dire proceedings. These jurors:

> made necessary arrangements to be away from their businesses, jobs, homes, and families to come to court. Some jurors are not paid for their time away from their jobs and suffer an irreparable financial loss. Because of their expected absence, some of their employers may have reassigned work to other employees, foregone business opportunities, or lost business. Jurors who are business owners obviously may have suffered some loss because of the requirement they attend court. Parents of small children may have made arrangements to take care of children, again incurring an

5

> unnecessary expense. These sacrifices are demanded of jurors as a civic duty in serving the judicial system of their country.

*Id.* at 268–69.

The Court's Local Rule underscores the importance of avoiding a result where these sacrifices are made unnecessarily. *See* E.D. TEX. CIV. R. 38(b). The Court thus declines to shift the consequences of this late settlement to the public.

The question, then, is whether the costs associated with the late settlement should be borne by one or both parties and their respective counsel. Plaintiffs' counsel has not indicated any efforts to obtain settlement authority from their clients prior to September 14. As a result, the Court lacks sufficient information to determine whether the clients contributed to the delay. Furthermore, the settlement agreement expressly provides that Plaintiffs are the prevailing party for purposes of attorneys' fees recovery (Dkt. #38 at p. 2), so the Court will exercise its discretion not to impose costs on the clients. *See* E.D. TEX. CIV. R. 38(b) ("The costs shall be assessed equally against the parties and their counsel unless otherwise ordered by the court."). For the reasons set forth below, the Court finds no basis to impose costs on Defendants or their counsel. Accordingly, the Court concludes that the costs resulting from the late settlement should be borne by Plaintiffs' counsel.[2]

The total cost for the September 15 jury proceedings was $7,297.76 (Dkt. #37 at p. 2 n.1). Of that total, $4,488.96 was for the 37 jurors who participated in voir dire proceedings. In its discretion, the Court assesses $4,488.96 against Plaintiffs' counsel.

---

[2] To the extent Plaintiffs' counsel argues that this assessment violates due process, (*see* Dkt. #38 at p. 3), the argument lacks merit. The Court took the time to remind counsel about the jury cost rule at the Conference and gave the parties an opportunity to explain the late settlement on September 15, 2025. *See Lowry v. Celotex Corp.*, 898 F.2d 146 (4th Cir. 1990) (no due process issue existed because prior to imposing "the jury costs pursuant to the rule, the parties were notified of the court's intent to explore the issue at a hearing . . . .").

## II.    Defendants' Counsel Raises a Reasonable Basis for the Late Settlement

Defendants' counsel contends he should not be assessed jury costs, as he consistently sought to settle before September 12 and, after expressing a willingness to settle at the Conference, could take no further action once Plaintiffs' counsel disclosed a lack of settlement authority (Dkt. #39 at pp. 2–3).

In support, Defendants' counsel cites *White v. Raymark Industries, Inc.*, where a defendant refused to negotiate because its insurance carrier was unavailable to authorize a settlement during the week prior to trial, making "settlement . . . impossible during the critical period preceding the trial date." 783 F.2d 1175, 1178 (4th Cir. 1986). In that case, the court affirmed an assessment of juror costs against the defendant. *Id.* Similar circumstances exist here, as Plaintiffs' counsel did not negotiate based on lack of settlement authority during the critical period preceding trial.[3]

The Court finds that Plaintiffs' counsel's conduct gave Defendants' a reasonable basis for late settlement. Even if Defendants' counsel could have done more to settle the case prior to the Conference, during the critical period preceding trial, Defendants' counsel tried to negotiate and Plaintiffs' counsel claimed lack of settlement authority. That put the onus on Plaintiffs' counsel to make efforts to obtain that authority as soon as possible (over the phone if need be) and make efforts to update Defendants' counsel once such authority was obtained. Without that update, Defendants' counsel had no reason to believe it should have been preparing a settlement offer instead of preparing for trial. Accordingly, under these circumstances, a reasonable basis for Defendants' counsel's conduct exists, and the Court does not assess costs against him or his clients.

---

[3] The Court does not assess costs against Plaintiffs in this case because, unlike the insurance carrier in *Raymark*, there is no evidence of irresponsible conduct on Plaintiffs' behalf. *See Raymark*, 783 F.2d at 1176 n.1, 1178 (4th Cir. 1986) (finding that insurance carrier's improper and irresponsible conduct made settlement impossible prior to trial).

## CONCLUSION

It is therefore **ORDERED** that jury costs for the September 15, 2025 selection proceedings, $4,488.96, are **ASSESSED** against Plaintiffs' counsel, which shall be paid within fourteen days of this order.

**IT IS SO ORDERED.**

**SIGNED this 6th day of October, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE