# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| JIANMING YU and SHUJUN LI, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs,*<br>v.<br><br>HIGHLAND NOODLES, INC., d/b/a HIGHLAND NOODLES, JUXIANG LI, and WENYUAN ZHANG a/k/a CHELSEA ZHANG,<br><br>*Defendants.* | § § § § § § § § § § § § § § | Civil Action No. 4:24-cv-706<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Attorney's Fees and Costs (the "Motion") (Dkt. #40). For the following reasons, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiffs Jianming Yu and Shujun Li ("Plaintiffs") filed their Original Complaint under the Fair Labor Standards Act (FLSA) (Dkt. #1) against Highland Noodles, Inc., Juxiang Li, and Wenyuan Zhang ("Defendants"). On September 15, 2025, the parties appeared and conducted voir dire (Dkt. #36). However, shortly thereafter, the parties announced that they reached a settlement. Defendants agreed to pay $12,500 to Plaintiff Jianming Yu, and $13,000 to Plaintiff Shujun Li in exchange for dismissal of this lawsuit (Dkt. #36). Plaintiffs then filed the instant Motion (Dkt. #40) and Defendants filed a response in opposition (Dkt. #42). Plaintiffs filed a reply (Dkt. #45).

Although the parties agreed to a payment schedule as part of their settlement, Defendants only paid $4,250 to Plaintiffs and then failed to make any payments thereafter (Dkt. #46 at p. 4). Defendants' failure to comply prompted Plaintiffs to file a motion to enforce settlement agreement (Dkt. #46). Defendants did not respond. The Court granted the motion to enforce settlement in pertinent part and entered final judgment (Dkt. #47; Dkt. #50). The Court retained jurisdiction to resolve the instant Motion, which is ripe for adjudication.

## LEGAL STANDARD

### I. Attorney's Fees

Attorney's fees and costs are recoverable under the FLSA. 29 U.S.C. § 216(b). The Fifth Circuit utilizes a prevailing party analysis to set FLSA fee awards. *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 (5th Cir. 2018) (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006)). The prevailing party test requires the following: "(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 576 (5th Cir. 2018) (internal quotation marks omitted) (quoting *Davis v. Abbott*, 781 F.3d 207, 214 (5th Cir. 2015)). The Fifth Circuit's requirement of judicially-sanctioned relief is "intended to reflect the Supreme Court's guidance . . . which required that a party must achieve change through 'judicial imprimatur.'" *Id.* (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 605 (2001)). "For example, the Supreme Court has said that consent decrees and judicially-enforced settlements have sufficient 'judicial *imprimatur*' to award attorneys' fees." *Id.* (quoting *Buckhannon*, 532 U.S. at 604).

In awarding attorney's fees, the starting point is to calculate according to the "lodestar" method. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). To calculate the lodestar figure, the Court multiplies the number of hours reasonably expended by an appropriate hourly rate in the community for the work at issue. *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002)). There is a "strong presumption of the reasonableness of the lodestar amount." *Saizan*, 448 F.3d at 800. "After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson*." *Id.* (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)). The *Johnson* factors are:

> (1) time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was undesirable; (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases.

*Rutherford v. Harris County*, 197 F.3d 173, 192 n.23 (5th Cir. 1999) (citing *Johnson*, 488 F.2d at 717-19). When the district court believes a reduction is necessary it may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Verginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995) (internal quotation marks omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

"The reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *BMO Harris Bank, N.A. v.*

*RidgeAire, Inc.*, No 6:12-CV-550, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896 & n.11 (1984)). The relevant legal community is where the district court sits. *Tollett*, 285 F.3d at 368. "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r of Internal Revenue*, 891 F.2d 1167, 1173 (5th Cir. 1990).

The party moving for fees "should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate," the Court "may reduce the award accordingly." *Id.* Additionally, the district court is considered an expert as to the reasonableness of attorney's fees and may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). "[T]he most critical factor" in assessing the reasonableness of attorney's fees "is the degree of success obtained." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (internal quotation marks omitted) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). A downward departure from the lodestar amount under the FLSA can be affected by the degree of success obtained. *See Cruz v. Maverick County*, 957 F.3d 563, 575 (5th Cir. 2020).

The party seeking reimbursement of fees bears the burden of establishing the number of hours expended is reasonable. *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The Court will only include hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The Court expects billing records are maintained "in a manner that will enable a reviewing court to identify distinct claims." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citation modified).

## II. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "costs—other than attorney's fees—should be allowed to the prevailing party" unless the Court provides otherwise. FED. R. CIV. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012). This discretion is restricted by 28 U.S.C. § 1920, which limits the types of costs a court can tax against an unsuccessful party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 permits taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A district court may decline to award costs listed in the statute but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42. Furthermore, "[i]n FLSA cases, Texas District Courts have also found that reasonable litigation expenses are ordinarily included in an award of statutory attorney's fees." *Lopez v. STS Consulting Servs. LLC*, No. 6:16-CV-00246-RWS, 2018 WL 1250065, at *1 (E.D. Tex 2018) (citation modified). "[C]osts for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service,

mediation, exhibits, document scanning, and visual equipment litigation expenses are also recoverable under the FLSA as part of an attorney's fee award." *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016).

## ANALYSIS

Plaintiffs seek to recover an award of $47,856.75 in attorney's fees and $3,988.33 in costs (Dkt. #40). After considering the arguments and the evidence presented, the Court will grant the Motion in part.

### I. Attorney's Fees

Defendants contest whether Plaintiffs are the prevailing party (Dkt. #42). In the Fifth Circuit, a plaintiff must satisfy three requirements to demonstrate prevailing party status: (1) they must achieve judicially-sanctioned relief; (2) the relief must materially alter the legal relationship between the parties; and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered. *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013). "No material alteration of the legal relationship between the parties occurs until [one of the parties] becomes entitled to enforce a judgment, consent decree, or settlement against the [other party]." *Farrar*, 506 U.S. at 113. Here, Plaintiffs achieved judicially-sanctioned relief when the Court granted in part Plaintiffs' motion to enforce the settlement agreement (Dkt. #47). Prevailing party status is not determined only by the "central claim of the case; instead, a party may attain prevailing status by succeeding on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Petteway*, 738 F.3d at 137 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989)). Thus, Plaintiffs are prevailing parties, and the Court finds that an award of attorney's fees is appropriate.

Defendants also contest that the billing before the Court is adequate, arguing that the itemization is too generic and does not segregate between the Plaintiffs' non-prevailing claims (Dkt. #42 at p. 4). However, the Court finds that the segregation of fees is not an issue in this case because all claims were dismissed with prejudice after the Court issued a final judgment (Dkt. #50). Additionally, Plaintiffs' counsel attached a detailed breakdown of the billing satisfying their burden to prove the reasonableness of the hours expended (Dkt. #40-3 at pp. 1-5). Beyond the concerns over segregation of non-prevailing claims, Defendants do not object to Plaintiffs counsel's billing methods or identify any amount that should be reduced (Dkt. #42).

Plaintiffs' counsel submitted fees ranging from $200 to $650 for attorney work and $125 to $200 for paralegal services (Dkt. #40-1 at p. 10). Defendants do not contest the reasonableness of the hourly rates in this case. Plaintiffs' counsel submitted a detailed attachment to their motion for attorney's fees setting forth the billing rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation (Dkt. #40-4). The Court finds that the requested rates are consistent with the prevailing market rate for the Sherman legal community. *See e.g.*, *Jackson v. Mistry Hosp. LLC*, No. 1:19-CV-00422, 2021 WL 1392869, *2 (E.D. Tex. 2021) (finding $595 a reasonable rate for experienced employment attorneys); *Cunningham v. Kitchen Collection, LLC*, No. 4:17-CV-770, 2019 WL 2865080, at *5 (E.D. Tex. 2019) (finding a range of $100 to $600 reasonable for plaintiff's counsel and staff in a FLSA case). Therefore, based on approvals of similar rates and the Court's own expertise and judgment, the Court finds the hourly rates are reasonable and within the market rate for attorneys and paralegals.

Plaintiffs' attorneys expended 139.59 hours on this case (Dkt. #40-1 at p. 10). Plaintiffs' attorneys attach a detailed accounting of all work performed on this case beginning August 5, 2024

(Dkt. #40-3 at p. 1–5). Defendants do not dispute that the reported hours are reasonable and accurate. The Court finds that Plaintiffs' counsel reasonably expended 139.59 hours on this case.

In calculating the lodestar amount for Plaintiffs' attorneys, the Court finds the amount to be $47,856.75. The lodestar is presumed to be reasonable and should only be modified in exceptional cases. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Here, the Court finds that the *Johnson* factors do not warrant an adjustment to the lodestar amount, and Plaintiffs' attorneys do not ask for an adjustment. Therefore, the Court will grant Plaintiffs $47,856.75 in attorney's fees.

**II. Costs**

Plaintiffs also seek an award of $3,988.33 in costs, which is comprised of the filing fee ($405.00), the cost of service ($75.00), the pro hac vice admission fees ($100.00), the cost of interpreters ($2,255.00), the transportation costs to the trial ($846.97), and the lodging costs for the trial ($306.36) (Dkt. #40-3 at p. 6). Defendants do not object to the recovery of these costs.

Fees that fall within reasonable litigation expenses in FLSA cases, including court fees, service processing fees, travel, and interpretation fees are recoverable. *See Lopez*, 2018 WL 1250065 at *1; *Dobson v. Timeless Rests., Inc.*, No. 3:09-CV-2481-L, 2017 WL 1330164, at *7 (N.D. Tex 2017); *Alex v. KHG of S.A., LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex 2015). While not explicitly recoverable under 28 U.S.C. § 1920, reasonable litigation expenses can be included in an award for statutory attorney's fees. In cases with analogous statutes, courts have granted similar reasonable expenses. *See West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 396 (5th Cir. 2003) (holding that travel expenses are recoverable in ADEA case); *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990) (holding reasonable expenses as components of attorney's fees recovery under 42 U.S.C. § 1988). Furthermore, Plaintiffs' counsel

alleges these costs "were all necessarily and unavoidably incurred" (Dkt. #40 at p. 8), and Defendants do not dispute this. Therefore, without an objection from Defendant, and having reviewed the claimed costs and supporting documentation, the Court awards most of Plaintiffs' costs as reasonably necessary. The Court will not, however, award the pro hac vice admission fees because Plaintiffs have not cited authority establishing that such fees are recoverable.[1]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Plaintiffs are awarded $47,856.75 in attorney's fees and $3,888.33 in costs.

**IT IS SO ORDERED.**

**SIGNED this 14th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

[1] The Court hesitates to deem the pro hac vice admission fee as a reasonably necessary cost in light of *Dobson*'s conclusion that such fee is "part of the overhead of running a litigation practice." *Dobson*, 2017 WL 1330164, at *7. Without authority supporting a different result, the Court follows Judge Lindsay's conclusion in *Dobson*.